Francis J. GILMORE, Respondent,

v.

LITTLE JACK'S STEAK HOUSE, et al., Relators,

Shieks, Inc., et al., Defendants,

Dyckman Hotel, Inc., et al., Respondents.

No. 50358.

Supreme Court of Minnesota.

April 18, 1980.

Lasley, Gaughn, Reid & Stich, Minneapolis, for relators.

Gary L. Manka, Minneapolis, for Gilmore, for respondent.

ROGOSHESKE, Justice.

The Workers' Compensation Court of Appeals found that employee had contracted

the occupational disease of contact dermatitis of his hands on November 5, 1976, that he had been totally disabled thereby for 8 weeks, and that he was permanently unable to return to his occupation as a bartender and therefore in need of retraining. Based upon those findings, the court awarded employee compensation for 8 weeks' temporary total disability and retraining benefits for a period not to exceed 156 weeks, the duration of a program in accounting and business administration for which he was certified by the Division of Vocational Rehabilitation. The employer-insurer seek review, contending that even if employee is in need of retraining they are not liable for payment of retraining benefits. The issue raised by their claim is whether the court of appeals correctly construed Minn.Stat. § 176.101, subd. 7 (1976). Having concluded that it did, we affirm.

■ . The statute in question provides in pertinent part:

For any injury[1] producing permanent disability which will prevent the employee from adequately performing the duties of the occupation he held at the time of injury, or any other injury which will or is likely to produce indefinite and continuous disability in excess of 26 weeks, the commissioner of the department of labor and industry shall require that the injured employee be promptly referred to the division of vocational rehabilitation * * * to determine if retraining for a new occupation would significantly reduce or remove any reduction in employability caused by the injury. * * * If the evaluating agency certifies to the commissioner of the department of labor and industry that a period of retraining will significantly reduce or prevent the decrease in employability resulting from the injury, and if the commissioner of the department of labor and industry, compensation judge, or workers' compensation court of appeals, in cases upon appeal, determines the retraining is necessary and makes an order for such compensation, the employer shall pay up to 156 weeks of additional compensation during the actual period of retraining according to the schedule of compensation for temporary total disability and shall pay any other expense determined as reasonably necessary to restore former earning capacity by the division of vocational rehabilitation and the commissioner of labor and industry to rehabilitate the employee. [Footnote added.]

In this court the employer-insurer claim, as they did below, that the "permanent disability" referred to in this provision means scheduled permanent partial disability. Employee did not sustain such disability. They argue also that, since he sustained temporary total disability only for 2 months, he did not sustain an injury which either did or was liable to produce "indefinite and continuous disability in excess of 26 weeks." Thus, they argue that they should not be required to pay for retraining benefits.

The court of appeals disagreed. Judge Reischel, writing for himself and Judge McCarthy, stated:

Under the circumstances, here involved where it was necessary for the employee to change employment from that of a bartender in which he had been engaged for years, he sustained a period of temporary total disability, and in addition thereto sustained continuous disability from work as a bartender resulting in a substantial reduction in his employability. It was found that he was in need of retraining. The insurer does not seriously argue that he was not as both doctors recommended it.

The insurer argues that while retraining might be necessary, it should not be liable for it since the employee sustained no permanent disability. This is incorrect. The employee has sustained permanent disability from employment in the

1. Section 176.011, subd. 16 (1976), defines "personal injury" to include "personal injury caused by occupational disease," while § 176.-66 provides that "[t]he disablement of an employee resulting from an occupational disease shall be regarded as a personal injury within the meaning of the worker's compensation law."

bartending field. In addition it is not necessary that his condition result in permanent disability to entitle him to retraining under the provisions of M.S. 176.101, Subd. 7 * * *.

It is clear that the injury herein produced a continuous disability in excess of 26 weeks and for an indefinite period into the future from engaging in any employment, the nature of which brought him into contact with contact irritants, or required repetitive washing of the employee's hands or exposure to detergents or other substances which would cause the drying of the hands, and precluded bartending work. Therefore, although the employee might not be totally disabled from engaging in other employment after the severe exacerbation had ceased, he was continuously disabled from employment as a bartender, and in fact his condition had not cleared up for more than seven months from the date of November 5, 1976 when he quit employment as a bartender. The employee was therefore in need of retraining.

We believe that Judge Reischel correctly construed "permanent disability" and "continuous disability in excess of 26 weeks" to mean the inability of an employee who has suffered a compensable injury caused by an occupational disease to return to his occupation by reason thereof, either permanently or for a period in excess of 26 weeks. We are not persuaded that the legislature intended the construction of § 176.101, subd. 7, for which relators argue, since it would result in a determination that an employee admittedly in need of retraining and unable to resume the occupation which had caused his disablement would nevertheless be denied retraining benefits. Relators' argument fails to give meaning to the language which modifies "permanent disability," i. e., permanent disability "which will prevent the employee from adequately performing the duties of the occupation which he held at the time of injury." Nor does § 176.101, subd. 7, define "indefinite and continuous disability in excess of 26 weeks" as temporary total disability. In light of the meaning given "permanent disability," we be-

lieve that "indefinite and continuous disability in excess of 26 weeks" also means inability to return to the employee's occupation for such a period of time.

It is thus clear that the legislature recognized two categories of disability preventing employees from returning to an occupation and provided retraining benefits for an employee sustaining either kind of disability if retraining is needed to reduce unemployability following upon such disability. Obviously, an employee's inability to return to the occupation for which he has training and experience may cause him to be in as much need of retraining as a permanent partial or temporary total disability would.

It is also clear that when the employee is determined to be eligible for retraining benefits, the sole liability therefor is imposed on his most recent employer, whether or not prior employment for others may have contributed to the employee's inability to return to this occupation. Although the fairness of that legislative decision should perhaps be reexamined, the courts cannot interfere with it. *Cf. Robin v. Royal Improvement Co.*, 289 N.W.2d 76 (Minn.1979).

Employee is awarded attorneys fees of $400.

Affirmed.